IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JANET GAIL SMITHSON                                           PLAINTIFF

       v.        Civil No. 2:14-cv-2204-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Janet Smithson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her applications for DIB on April 17, 2012, alleging a disability onset date of January 1, 2012, due to back problems, hearing issues, migraine headaches, high blood pressure, high cholesterol, and leg problems. Tr. 10, 120, 138-139. The Commissioner denied her applications initially and on reconsideration. Tr. 47-49, 51-52. An Administrative Law Judge ("ALJ") held an administrative hearing on March 12, 2013. Tr. 23-41. Plaintiff was present and represented by counsel.

At this time, she was 51 years old with a high school education. Tr. 17. She had past relevant work ("PRW") experience as a commercial cleaner, industrial cleaner, hand packer, and laundry worker. Tr. 25, 130-137.

On April 18, 2013, the ALJ found that Plaintiff's degenerative disk disease and migraine headaches were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 12-13.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work.  Tr. 13-17.  The ALJ then applied Medical Vocational Rule 204.00 and determined the Plaintiff is not disabled. Tr. 18.

The Appeals Council denied the Plaintiff's request for review on July 29, 2014.  Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 9, 10.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.     **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional

capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545 (2014). A disability claimant has the burden of establishing his or her RFC. *Vossen,* 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3) (2014). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The Plaintiff suffers from bulging disks at multiple levels in her lumbar spine, as well as severe right and mild left neural foraminal narrowing at the L5-S1 level and mild degenerative disk disease. Tr. 295. Treatment for back pain radiating into her lower extremities dates back to at least 2010. Tr. 202-220. Dr. Laura Adams treated the Plaintiff for displacement of the lumbar intervertebral disk without myelopathy until November 2012, prescribing Meloxicam, Celebrex, and Gabapentin. Tr. 194-195, 198-201, 277-281. In

January 2013, Dr. Adams referred the Plaintiff to pain specialist, Dr. Adam Sewell. He treated the Plaintiff on at least two occasions, documenting pain and a decreased range of motion in the Plaintiff's thoracic and lumbar spine, shoulders, and hips, as well as a positive bilateral straight leg raise test and a positive Patrick's test[1] on the right. Tr. 299-306. At each encounter, the Plaintiff reported her pain as an 8 on a 10-point scale, with 7 being her average pain score, in spite of the prescribed medications. Dr. Sewell prescribed bilateral transforaminal lumbar epidural sort injections and bilateral sacroiliac joint injections for sacroiliitis. He also noted that he would consider administering bilateral occipital blocks. Tr. 303-306.

The Plaintiff reported difficulty sitting and standing for extended periods. These allegations are bolstered by her request to stand up mid-way through the administrative hearing and Dr. Kathleen Kralik's notation that she required frequent repositioning, to include standing, during her evaluation. Tr. 32, 222-228.

The record contains only one RFC assessment. A non-examining physician reviewed the Plaintiff's medical records and concluded she could perform a full range of light work. Tr. 253-260. Dr. Clarence Ballard went on to state that the Plaintiff was partially credible, as she suffered only mild degenerative disk disease of the lumbar spine and migraine headaches controlled with over-the-counter medications. Tr. 253-260. Unfortunately, both Dr. Ballard and the ALJ failed to consider the Plaintiff's January 2012 MRI revealing disc bulging at the L3-L4, L4-5, and L5-S1 levels and severe right and mild left neural foraminal narrowing at the L5-S1 level. Tr. 295. And, contrary to the ALJ's finding, the Plaintiff was not able to manage her back pain with prescription medication, as is evidenced by Dr. Sewell's prescription for spinal injections.

---

[1] Patrick's test is a physical exam used to diagnose sacroiliac joint dysfunction in patients with lower back pain.

As for the ALJ's determination that the Plaintiff was non-compliant with treatment because she failed to consult a neurosurgeon, the ALJ failed to note that Dr. Adams made no formal referral. However, the Plaintiff did follow through with Dr. Adams' referral to a pain specialist, thereby undermining the ALJ's finding of treatment non-compliance.

Accordingly, we find that remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC. On remand, he is directed to obtain a consultative neurological evaluation, complete with a thorough RFC assessment, to determine the full extent of the limitations imposed by the Plaintiff's back impairment. The ALJ should also request RFC assessments from the Plaintiff's treating doctors, Drs. Adams and Sewell.

The record also indicates that Dr. Adams treated the Plaintiff for anxiety disorder and panic attacks during the relevant time period. She prescribed Xanax on numerous occasions. In May 2012, Dr. Kathleen Kralik conducted a consultative mental evaluation and diagnosed the Plaintiff with panic disorder without agoraphobia and pain disorder. Tr. 222-228. Although she assessed her with a global assessment of functioning score of 65-75, Dr. Kralik indicated that she had moderate to significant impairment in her capacity to sustain persistence in completing tasks, mild to moderate impairment in her capacity to cope with the typical mental or cognitive demands of basic work-like tasks, and mild to moderate impairment in her capacity to carry out activities of daily functioning. The doctor also noted the Plaintiff's disdain for crowds, and indicated the Plaintiff had expressed a preference for occupations requiring minimal contact with others. Moreover, Dr. Kralik stated that the Plaintiff's mental impairments resulted in her being an underachiever relative to her level of intellect.

The ALJ found the Plaintiff's mental impairment to be non-severe. However, after reviewing the evidence, we find that further consideration of the Plaintiff's mental impairments is warranted. Accordingly, on remand, the ALJ is ordered to do so.

## V. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of November, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE